**FILED**
**U.S. District Court**
**District of Kansas**
05/04/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**JAYCEE DEANGELO DEGGS,**

    **Plaintiff,**

    **v.**                            **CASE NO. 26-3098-JWL**

**STATE OF KANSAS,**

    **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case titled "Motion for Civil Wrongs."[1]  (Doc. 1, at 1.)  Plaintiff is in custody at the Sedgwick County Detention Facility in Wichita, Kansas.  On April 21, 2026, the Court entered a Notice of Deficiency (Doc. 3) ("NOD") granting Plaintiff until May 21, 2026, to submit his complaint on the Court-approved form and to either pay the civil action filing fee or submit a motion for leave to proceed in forma pauperis.  This matter is before the Court on Plaintiff's Motion for Injunction (Doc. 2).

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

---

[1]  Plaintiff also references a civil rights violation under 42 U.S.C. § 1983.  (Doc. 1, at 7.)

In his motion, Plaintiff asks the Court to respect his constitutional rights.  (Doc. 2, at 1.) Plaintiff claims that he is wrongly imprisoned and sets forth alleged errors in his state criminal proceedings.  *Id*. at 2–6.  Plaintiff's motion does not set forth what injunctive relief he is seeking. *See* Fed. R. Civ. P. 65(d) (providing that every order granting an injunction must state the reasons why it issued, state its terms specifically, and describe in reasonable detail the act or acts restrained or required).  Because Plaintiff has not stated what injunctive relief he is seeking, and he has not complied with the Court's NOD, his motion is denied without prejudice.  Plaintiff may refile a motion for injunctive relief after he complies with the Court's NOD.  Any motion for injunctive relief must specify what injunctive relief is being sought.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Injunction (Doc. 2) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the **May 21, 2026** deadline to correct the deficiencies set forth in the Court's NOD at Doc. 3 remains in effect.  Failure to comply by the Court's deadline may result in dismissal of this matter without further notice for failure to comply with the Court's order.

**IT IS SO ORDERED**.

**Dated May 4, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

2